**Harriet E. HARVEY, Plaintiff,**

v.

**UNITED ADJUSTERS, a corporation, Defendant.**

**Civ. No. 79–1349.**

United States District Court, D. Oregon.

March 20, 1981.

Richard A. Slottee, Northwestern Legal Clinic, Portland, Or., for plaintiff.

Gino G. Pieretti, Jr., Souther, Spaulding, Kinsey, Williamson & Schwake, et al., Portland, Or., for defendant.

## OPINION AND ORDER

PANNER, District Judge:

Plaintiff brings this action for money damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (1977). The claim arises from defendant's attempts to collect $125 allegedly owed to Fred Meyer, Inc. and assigned to defendant for collection.

In January 1979 plaintiff wrote four checks in the total amount of $125 to Fred Meyer which were dishonored by plaintiff's bank and assigned to defendant for collection. Defendant sent collection notices to plaintiff in May and June 1979. On June 28, 1979 defendant filed a complaint in state court. Plaintiff filed a response to defendant's complaint on July 26, 1979, and was represented at that time by the Northwestern Legal Clinic. On November 6, 1979 plaintiff confessed judgment to defendant's suit, and was again represented by the Northwestern Legal Clinic. Plaintiff, through her counsel, filed this action against defendant in November 1979 alleging violations of the Fair Debt Collection Practices Act. She alleged various violations of the Act, including several abusive phone calls from the defendant in May and June of 1979. On December 17, 1979 defendant mailed a notice to plaintiff, at plaintiff's personal residence, soliciting payment of the indebtedness. On January 3, 1980 defendant again mailed a collection notice to plaintiff at her personal residence. On September 15, 1980 plaintiff filed a supplemental complaint in this action, alleging additional violations of the Act which occurred during the pendency of this action.

Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6). All of the defendant's collection activities relevant to this action were subject to the provisions of the Fair Debt Collection Practices Act.

■ Section 1692c(a) places limitations on communication by a collector to a consumer who is represented by counsel:

> (a) Communication with the consumer directly.—Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection for any debt—
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

When the December 1979 and January 1980 collection notices were sent to plaintiff, she was represented by counsel from the Northwestern Legal Clinic in both the state and federal actions. Max Lesman, President and Manager of the defendant, testified that when the notices were sent he knew that the plaintiff was represented by an attorney. Lesman believed that after entry of judgment he had the right to deal directly with the judgment debtor, despite his knowledge that she was represented by counsel. There is no evidence that plaintiff, her counsel, or any court agreed to permit defendant to communicate directly with the plaintiff. I find, therefore, that

defendant violated section 1692c(a)(2) when the communications were sent to plaintiff in December 1979 and January 1980.

Section 1692g requires the collector, within five days of the initial communications with the consumer, to provide certain information concerning the consumer's right to dispute or obtain verification of the debt. The defendant asserts that such notice was mailed on May 14, 1979; plaintiff contends that she never received this communication. I find that the "Verification Notice," even if received by plaintiff, violates 15 U.S.C. § 1692g. The form notice used by defendant does not provide all the information required. It does not inform the plaintiff that she has a right to dispute a portion of the debt as well as the entire amount. The notice also requires any dispute as to the validity of the debt to be in writing. That is not required under section 1692g(a)(3). I therefore hold that the defendant violated section 1692g by not providing proper notice.

Section 1692d prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Plaintiff asserts that the notice sent to her on June 5, 1979 is abusive and insulting, in violation of this section. I agree. The letter implies that plaintiff removes her head when she receives letters from the defendant, that she ignores her mail and her bills, and lacks the common sense to handle her financial matters properly. In fact, the plaintiff had called defendant on May 16, 1979 in response to an earlier letter and defendant never returned her call. I hold that this communication violates 15 U.S.C. § 1692d. *See Dixon v. United Adjusters, Inc.*, Civil No. 79–179 (D.Or.Feb. 1981) (Magistrate Juba considered the same form and found it to violate the Act).

Section 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Plaintiff asserts that the communications of May 1979, December 1979, and January 1980 violate this section in that they state (1) that United Adjusters has "Representation Everywhere," and (2) "Your credit is a valuable asset. Pay your bills and retain good credit." I do not find these statements violate the Act. Lesman testified that his firm is a member of the American Collectors Association which has over 2800 correspondent members in the United States and overseas. The notice does not misrepresent defendant's status as a collection agency; it merely states that persons who pay their bills will retain a good credit rating. *See Lewis v. United Adjusters, Inc.*, Civil No. 80–177 (D.Or.February 1981) (Magistrate Juba reached the same conclusion).

Plaintiff also alleges that defendant violated various sections of the Act by making abusive and obscene phone calls to plaintiff. Plaintiff has not met her burden of proving that such phone calls were made by the defendant.

### DAMAGES

A debt collector who violates any provision of the Act is liable to the consumer for damages. In an individual action, the damage award is the sum of:

(1) any actual damages sustained by the consumer;

(2) such additional damages as the court may allow, but not exceeding $1,000; and

(3) costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(1), (2)(A), and (3). A debt collector is not liable if the violation was unintentional and resulted from a bona fide error despite procedures taken to avoid such error. 15 U.S.C. § 1692k(c). In determining the amount of liability in an individual action, the court shall consider the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

A plaintiff need not show actual pecuniary damages in order for the court to award statutory damages. The statute does not make the application of section

1692k(a)(2)(A) contingent on an award under section 1692k(a)(1). The provisions of the Act are designed to prevent unscrupulous debt collection practices, most of which would cause mental anguish or emotional injury rather than pecuniary loss. To require that pecuniary damages be suffered as a prerequisite to an award of statutory damages would reduce the effectiveness of the Act.

■ In any one action, the statutory damage award may not exceed $1,000. The plaintiff has argued that the statute should be interpreted to provide for a statutory damage award of $1,000 *per transaction or communication.* If the debt collector knows that its maximum liability per debtor is $1,000 regardless of the number of types of abusive collection attempts, there is no incentive to comply with the Act after the initial abusive practice. For example, in the instant action, plaintiff filed her complaint in November 1979 alleging abusive collection practices by defendant. In September 1980 plaintiff filed a supplemental complaint, alleging additional violations of the Act which occurred during the course of this action. Plaintiff argues that Congress could not have intended this result and asserts that total liability for one plaintiff should not be limited to $1,000.

While plaintiff's argument has merit, I find that the $1,000 per action limitation *does not defeat the purpose of the Act and.* is consistent with its provisions. Section 1692k(a)(2)(A) specifically provides that "in any action" the court may allow damages "not exceeding $1,000." Subsection (a)(1) provides that a plaintiff may always recover any actual damage sustained, and subsection (a)(3) provides for an award of attorney fees and costs. Where noncompliance by the debt collector is frequent or persistent, the Court must consider that factor when determining the amount of statutory damages. It appears that the intent of Congress is that in an aggravated case of persistent and repeated illegal practices, the full $1,000 should be awarded; in other cases the Court has discretion to award any amount less than that or nothing at all in addition to actual damages. Congress has provided the Court with a range so that the award in any case can be tailored to fit the particular facts. Additionally, section 1692k(a)(2)(B) provides for a maximum award of up to $500,000 in statutory damages in a class action for violations of the Act, so that Congress has provided other remedies in the case of repeated similar practices by a single debt collector.

## CONCLUSION

■ The defendant violated section 1692c by corresponding with the plaintiff while she was represented by counsel, section 1692g by not providing proper notice and section 1692d by sending the June 1979 notice to the plaintiff. Plaintiff has not alleged nor proved any actual damage. I conclude that plaintiff is entitled to an award of statutory damages in the sum of $500, plus costs and attorney's fees in an amount to be determined.

IT IS SO ORDERED.