**Dorothy C. WHATLEY, et al., Plaintiffs,**

v.

**UNIVERSAL COLLECTION BUREAU INC. (FLORIDA) et al., Defendants.**

**Civ. A. No. C81–684A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 13, 1981.

R. C. Cougill, Lilburn, Ga., for plaintiffs.

Jay E. Loeb, Gershon, Ruden, Pindar & Olim, Atlanta, Ga., for defendant Universal Collection Bureau, Inc.

Alan F. Herman, Freeman & Hawkins, Atlanta, Ga., for defendant J. C. Penney Co., Inc.

### ORDER

SHOOB, District Judge.

Defendant Universal Collection Bureau, Inc., has filed a motion for partial summary judgment in this case brought under the Fair Debt Collection Practices Act ("Act"). Defendant Universal asks this Court to rule, as a matter of law, that:

(1) "statutory damages" under the Act, 15 U.S.C. § 1692k(a)(2)(A) are limited to $1,000 per plaintiff; and

(2) only the "consumer," plaintiff Russell Whatley, has standing to sue under the Act.

Plaintiffs have now conceded the correctness of defendant Universal's first contention. *See Harvey v. United Adjusters*, 509 F.Supp. 1218, 1222 (D.Or.1981). Accordingly, defendant's motion is GRANTED in part.

The second part of defendant's motion for partial summary judgment poses the question whether only the "consumer," Russell W. Whatley, who is the person "obligated or allegedly obligated" to pay the debt, 15 U.S.C. § 1692a(3), has standing to sue under the Act. This is a question of first impression. The Court answers this question in the negative.

To answer the question, the Court need go no further than to examine the words and plain meaning of the statute.[1] Plaintiffs, Russell Whatley and his parents, allege that one of defendant's agents threatened them over the phone in connection with defendant collection agency's attempts to recover Russell Whatley's debt to defendant J. C. Penney Company, Inc. If proven, the threat would violate, at a minimum, 15 U.S.C. § 1692c(b)[2] and 15 U.S.C. § 1692d.[3] *See* plaintiffs' complaint, ¶ 7. The threat was allegedly left on the home recording device of the Whatley family residence.

The civil liability portion of the Act provides that "*any* debt collector who fails to comply with *any* provision of this subchapter with respect to *any* person is liable to

---

1. The legislative history reveals no Congressional intent at all regarding this question. [1977] *U.S.Code Cong. & Admin.News* 1695.

2. Communication with third parties.—Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

3. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this action:

   (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

   (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

such person..." 15 U.S.C. § 1692k(a) (emphasis added). The liability section is couched in the broadest possible language; the statute is not limited to "consumers." Moreover, a number of violations proscribed by the Act harm persons other than consumers. Defendants' contention that plaintiff parents lack standing to sue under the Act leads to the absurd conclusion that Congress created a piece of consumer protection legislation with a 'private attorneys general' enforcement mechanism, and then failed to provide persons harmed by unfair debt collection practices with a cause of action. The argument is untenable.[4] There are certainly no policy reasons consistent with the Act that support the argument. Accordingly, this Court holds that "any person," as used in 15 U.S.C. § 1692k(a) includes persons, such as Dorothy and William Whatley, who claim they are harmed by proscribed debt collection practices directed to the collection of another person's debt.

In sum, defendant Universal Collection Bureau, Inc.'s motion for partial summary judgment is GRANTED in part and DENIED in part.

---

4. In all likelihood, if defendant collection agency were to prevail on this argument, it would next argue that consumer Russell Whatley lacked standing to sue on his parents' behalf for defendant's alleged violation of 15 U.S.C. § 1692c(b).