**Frank R. BEATTIE and Louise A. Beattie, Plaintiffs,**

v.

**D.M. COLLECTIONS, INC. and K.M. Delacy, Defendants.**

**Civ. A. No. 90–177 MMS.**

United States District Court, D. Delaware.

May 13, 1991.

O. Randolph Bragg of UAW–GM Legal Services Plan, Newark, Del., for plaintiffs.

Phebe S. Young of Bayard, Handelman & Murdoch, P.A., Wilmington, Del., for defendants.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

This is an action brought by plaintiffs against defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 *et seq.* ("FDCPA" or "the Act"). On January 3, 1991, the court disposed of several issues in this case on summary judgment. *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383 (D.Del.1991). A jury trial is scheduled for May 22, 1991 to determine whether defendants violated three provisions of the FDCPA, to wit, 15 U.S.C.A. §§ 1692e(2)(A), 1692e(5), and 1692g(a). At the request of the court, the parties have briefed a motion *in limine* on the issue of whether 15 U.S.C.A. § 1692k(a)(2)(A) entitles plaintiffs to a single award of statutory damages per plaintiff per lawsuit or to an award of statutory damages for each violation of the FDCPA proved. The Third Circuit Court of Appeals has not addressed the issue. For the reasons which follow, the court holds that pursuant to 15 U.S.C.A. § 1692k(a)(2)(A), plaintiffs are entitled to a single award of statutory damages per plaintiff[1] per lawsuit.

---

1. The holding that each plaintiff may receive an award of statutory damages is limited to the facts of this case. The court in *Whatley v. Universal Collection Bureau, Inc. (Florida),* 525 F.Supp. 1204 (N.D.Ga.1981), has held that in light of the language of the statute, any person who is "harmed" by a violation of the FDCPA has standing to bring suit to recover for the violation. *Id.* at 1205–06. There are three contacts at issue in this litigation. The first was a telephone call placed by an agent of defendants to plaintiff Louise Beattie. The second was a telephone call placed by Louise Beattie to defendants. The third was a telephone call placed by Wilmington Orthopedic Consultants to defendants at the request of plaintiff Frank Beattie, who also participated in this telephone call at his own request. The court understands the

Subsection 1692k(a)(2)(A) provides that a debt collector who violates the Act may be required to pay actual damages and "[i]n the case of any action by an individual, such additional damages as the Court may allow, but not exceeding $1,000 . . . ." Plaintiffs contend that subsection 1692k(a)(2)(A) entitles them to an award of statutory damages for each violation of the Act, regardless of the number of debt collection communications involved. For example, plaintiffs would have the court hold that a single letter from a debt collector which violated the FDCPA in three different ways would entitle its recipient to three awards of statutory damages up to $1,000. Defendants, on the other hand, assert that the subsection authorizes only one award of statutory damages per plaintiff per lawsuit, regardless of the number of violations which the plaintiff is able to prove. Defendants urge that even in cases of multiple violations, the debt collector would be liable for only one statutory damages award to the aggrieved consumer.

The court begins its analysis with the plain language of subsection 1692k(a)(2)(A). The subsection awards statutory damages not to exceed $1,000 in the context of "any *action* by any *individual*" (emphasis added). Thus, the language of subsection 1692k(a)(2)(A) on its face seemingly dictates that a debt collector is liable for a single award of statutory damages per plaintiff per lawsuit. *Accord Masuda v. Thomas Richards & Co.*, 759 F.Supp. 1456 n. 20 (C.D.Cal.1991); *Harvey v. United Adjustors*, 509 F.Supp. 1218, 1222 (D.Ore. 1981).

Other sections of the Act support this conclusion. Subsection 1692k(b)(1) provides in relevant part:

(b) In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. . . .

The above-quoted section provides the criteria for determining the amount, from zero to $1,000, of statutory damages awarded. Congress included among these criteria, "frequency . . . of noncompliance," which in the ordinary usage of language takes into account multiple violations. Where there are numerous violations, it appears Congress intended that the court award the full $1,000; while in less egregious cases, the court has discretion to award an amount less than $1,000 or nothing at all. *Accord Harvey*, 509 F.Supp. at 1222.

The conclusion that the language of 15 U.S.C.A. § 1692k(a)(2)(A) refers to the "action" filed in court rather than the number of statutory violations committed by a debt collector vis-a-vis an individual debtor is buttressed by the fact that the statutory language relating to a class action provides that a debt collector is liable for "(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, . . . not to exceed $500,000 or 1 per centum of the net worth of the debt collector. . . ." The Senate Report explained the damages provisions as follows:

A debt collector who violates the Act is liable for actual damages plus costs and reasonable attorney's fees. The court may award additional damages of up to $1,000 in individual actions, and in class actions, up to $500,000 or 1 percent of the debt collector's net worth, whichever is less.

S.Rep. No. 382, 95th Cong., 1st Sess. 8, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1702.

claims of each plaintiff in this litigation to be based upon his or her individual contacts with defendants. In other words, neither plaintiff asserts a derivative claim, and there were no communications between defendants and Mr. and Mrs. Beattie jointly. In light of the facts of

this case, the court declines to address the situations where someone who has not received a violative communication asserts a derivative cause of action or where there is a communication to joint obligors.

Plaintiffs have cited numerous unpublished opinions and orders in support of their position that statutory damages should be per violation. *See* Plaintiffs' Opening Brief at Addenda A–G (Dkt. 38). Of the cases relied upon by plaintiffs, however, only two contain any reasoning relevant to the issue of statutory damages helpful in deciding the motion at bar.[2] In *Florence v. National Systems,* C.A. No. C82–2020A (N.D.Ga. Oct. 14, 1983) (Dkt. 38, Addendum D), the court reasoned:

The FDCPA protects against abuses doubly inflicted on a consumer, and provides for judicial discretion in determining the damages to be awarded. To effectuate the explicit purposes of the FDCPA, there should be more protection afforded to a consumer receiving a series of misleading, abusive letters in a dunning campaign alleging two (or more) debts as for one.... Other considerations include the legislative purpose in providing for an effective private enforcement mechanism of the FDCPA as well as the deterrent effect upon abusive collection attempts.

*Id.* slip op. at 10–11. Construing *Florence* as stating the fact finder has discretion in assessing damages, the court agrees with much of its reasoning, but cannot accept its result. In reaching its decision, the court in *Florence* did not explain away the language of 15 U.S.C.A. § 1692k(a)(2)(A) which limits statutory damages "in the case of *any action by an individual,* such additional damages as the court may allow, but not exceeding $1,000." (emphasis added)

The court in *Kaschak v. Raritan Valley Collection Agency,* C.A. No. 88–3763 (D.N.J. May 23, 1989) (Dkt. 38, Addendum D) reasoned: "Since the court can adjust the size of each individual award to avoid injustice and limitation might permit wrongful behavior to go unpunished when one single incident included a number of particularly egregious violations, I conclude that the limit applies to each violation." *Id.* slip op. at 21. This reasoning is unpersuasive. The court in *Kaschak* assumes that a limit of $1,000 statutory damages per plaintiff per lawsuit would allow debt collectors who commit particularly egregious violations to "get off lightly." Unlike other contexts in which Congress has authorized the award of statutory damages, however, statutory damages for violations of the FDCPA are awarded *in addition to,* rather than *in lieu of,* actual damages. *Compare* 17 U.S.C.A. § 504(c) (plaintiffs in copyright infringement suits must elect between recovery of actual or statutory damages). It is likely that particularly egregious violations of the FDCPA will result in significantly higher awards of actual damages for infliction of emotional distress, etc. Consequently, it is likely that a culpable debt collector's liability for actual damages will be proportional to the violations committed.

Moreover, it appears that when Congress provided statutory damages in addition to actual damages, it had small cases—not egregious ones—in mind. The FDCPA has been described as "consumer legislation with a 'private attorneys general' enforcement provision." *Whatley v. Universal Collection Bureau, Inc. (Florida),* 525 F.Supp. 1204, 1206 (N.D.Ga.1981). Indeed, Congress intended that the Act be enforced primarily by aggrieved consumers bringing civil actions against offending debt collectors. *See* S.Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1699 ("The committee views this legislation as primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance."). With the exception of cases involving egregious and multiple violations, consumers bringing suit for violation of the FDCPA will ordinarily be able to prove only minimal actual damages. Although the Act provides for recovery of attorneys' fees, 15 U.S.C.A. § 1692k(a)(3), consumers are unlikely to incur the time and trouble inherent in bringing suit if they expect to recover only minimal damages. Congress apparently concluded that the statutory damages available under subsection

---

**2.** The remaining cases represent orders entered upon default judgment and opinions which find the statutory award should be per violation but which do so without reasoning.

1692k(a)(2)(A) would provide incentive for consumers who could prove only minimal damages to bring suit to enforce the Act. As for the notion that exposure to suit would deter debt collectors from violating the Act, Congress seems to have concluded that the potential liability for actual damages *plus* up to $1,000 statutory damages *plus* attorneys' fees would suffice to deter would-be violators of the Act without the need to provide multiple awards of statutory damages.

The court's construction of subsection 1692k(a)(2)(A) as providing for one award of statutory damages per plaintiff per lawsuit finds some support in the legislative history of the Act. An earlier version of the FDCPA considered by Congress contained the following provision:

> The multiple failure to disclose to any person any information required under this title to be disclosed in connection with a single account record shall entitle the person to a single recovery under this section....

H.R. 11969, 94th Cong., 2d Sess. § 812(f) (1976). Although different language appears in the final version of the Act,[3] the references in subsection 1692k(a)(2)(A) to "any action" and "an individual" comport with the language of the earlier version limiting the aggrieved consumer to a single recovery per debt.[4]

The court's construction also finds some support in a perusal of Congressional provision for statutory damages awards in other contexts. Where Congress intends that statutory damages should be awarded for each of multiple violations, Congress appears willing and able to state expressly its intent. For example, as part of the civil suit provisions of the Migrant and Seasonal Agricultural Workers Protection Act, Congress authorized the courts to "award ... statutory damages of up to $500 *per plain-*

*tiff per violation ...."* 29 U.S.C.A. § 1854(c) (emphasis added). Likewise, in the civil suit provisions enforcing the Satellite Home Viewer Act of 1988, those aggrieved by unauthorized publication or use of certain communications "may recover an award of statutory damages *for each violation of subsection (a)* involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just...." 47 U.S.C.A. 605(e)(3)(C)(i)(II) (emphasis added).

In conclusion, the court holds that when violations of the FDCPA have been proved, 15 U.S.C.A. § 1692k(a)(2)(A) provides for a single recovery of statutory damages per plaintiff per lawsuit. An appropriate order will issue.

---

**3.** Another early version contained the language which eventually appeared in the Act. H.R. 13720, 94th Cong., 2d Sess. § 811(a)(2)(A), 122 Cong.Rec.Pt. 18 22496 (July 19, 1976).

**4.** The court is aware that the court in *Florence v. National Systems*, C.A. No. C82–2020A (N.D.Ga. Oct. 14, 1983) (Dkt. 38, Addendum D), concluded that the absence of the language of § 812(f)

from the final version of the Act connoted entitlement to a statutory award per violation. The court, however, respectfully declines to follow the reasoning of *Florence* because the language which was included in the final version of the Act is more compatible with a construction limiting recovery to a single award per plaintiff per lawsuit.