**Robert BARBER and Dawn Barber, Plaintiffs,**

v.

**NATIONAL REVENUE CORPORATION, a foreign corporation, Defendant.**

No. 95–C–0731–S.

United States District Court, W.D. Wisconsin.

March 8, 1996.

Mary C. Fons, Fons Law Office, Stoughton, WI, for Robert Barber, Dawn Barber.

De Vonna Joy, Whyte Hirschboeck Dudek, S.C., Milwaukee, WI, for National Revenue Corporation.

## MEMORANDUM and ORDER

SHABAZ, District Judge.

Plaintiffs Robert and Dawn Barber commenced this action against defendant National Revenue Corporation for alleged violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* Defendant, a collection agency, was hired to collect a $16.30 debt owed to Video Vendor by plaintiff Dawn Barber. The complaint alleges that defendant made two telephone calls and sent a letter to plaintiffs in an effort to collect the debt. Plaintiffs allege that these communications included seventeen different violations of the FDCPA.

Plaintiffs seek compensation for actual damages, attorney's fees and costs and statutory damages permitted under 15 U.S.C. § 1692k. Plaintiffs believe that § 1692k entitles a successful plaintiff to recover up to $1,000 per violation of the FDCPA as statutory damages. Defendant moves this Court for judgment as a matter of law on the ground that the FDCPA limits the award of statutory damages to $1,000 for each proceeding. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

## MEMORANDUM

■ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). There are no material facts at issue that are relevant to this summary judgment motion. The sole issue presented is whether, under 15 U.S.C. § 1692k(a)(2)(A), a plaintiff who succeeds in an action brought under the FDCPA may recover as maximum statutory damages $1,000 for each violation of the FDCPA or $1,000 for each proceeding brought under the FDCPA.

Section 1692k of Title 15 provides in pertinent part:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damages sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,-000 or 1 per centum of the net worth of the debt collector.

An analysis of § 1692k's statutory language and review of the existing case law reveals that the FDCPA limits the statutory damages available to a successful plaintiff to $1,000 for each proceeding rather than $1,000 for each violation of the statute.

Statutory damages *"in the case of any action* by an individual" shall not "exceed[ ] $1,000." 15 U.S.C. § 1692k(a)(2)(A) (emphasis added). This statutory language clearly implies that statutory damages are limited for an individual plaintiff to $1,000 for each action or proceeding. There is no language in § 1692k or any where else in the FDCPA which on its face authorizes statutory damages of $1,000 for each violation of the statute. If Congress intended to award individual plaintiffs statutory damages in the amount of $1,000 for each violation it would have drafted the language of § 1692k(a)(2)(A) to reflect that intention. But because Congress drafted § 1692k(a)(2)(A) using the $1,000 for each "action" language, this Court will follow the plain meaning of the statute limiting statutory damages to $1,000 for each proceeding.

Plaintiffs respond to the above interpretation arguing that § 1692k(a)(2)(A) cannot be isolated from the rest of the subsection. Plaintiffs claim that the "any action" language in (2)(A) is not relevant to the $1,000 statutory damages limitation. Instead, plaintiffs contend that the phrase "in the case of any action by an individual" contained in § 1692k(a)(2)(A) is merely language that distinguishes § 1692k(a)(2)(A) which deals with plaintiffs as individuals from § 1692k(a)(2)(B) which addresses plaintiffs involved in class action lawsuits. Plaintiffs' argument stresses the general language contained in § 1692k(a) which states that "any debt collector who fails to comply with *any provision* of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—(2)(A) . . . such additional damages . . . not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A) (emphasis added). Plaintiffs interpret this language as entitling a successful plaintiff to a maximum of $1,000 in statutory damages for each violation of each of the statute's provisions.

However, this interpretation of § 1692k(a)(2)(A) does not make sense when it is applied to § 1692k(a)(2) as a whole. If § 1692k(a)(2)(A) is read with the broader language of § 1692k(a) modifying the $1,000 limitation, then § 1692k(a)(2)(B) must be read in the same fashion. Section 1692k(a)(2)(B) limits the statutory damages awarded to the members of a class action to the "lesser of $500,000 or 1 per centum of the net worth of the debt collector." Using plaintiffs' interpretation that the broader language of § 1692k(a) applies to all actions, then the statutory damage limitations for members of a class action would allow up to $500,000 or 1% of the debt collector's net worth for each violation. Where there are seventeen violations of the FDCPA as herein alleged a debt collector could be responsible to plaintiff for the lesser of 17% of its net worth or $500,000 in the case of a class action suit under the FDCPA.

■ While it is undisputed that the purpose of the FDCPA was to eliminate abusive debt collection practices and deter debt collectors from harassing debtors who were unable to protect themselves, this Court finds it unlikely that Congress intended to levy such heavy fines upon even the most unscrupulous debt collectors for each and every technical violation of the FDCPA. The threat of statutory damages awarded to members of a class action successful under the FDCPA in the amount of the lesser of 1% of the debt collector's net worth or $500,000 per action is more than enough potential liability to have a substantial deterrent effect upon potentially unscrupulous debt collectors. Since it is only logical that class action statutory damages are limited to an award on an action basis, it must follow that an individual plaintiff's statutory damages are similarly limited to awards of $1,000 for each action. The $1,000 statutory damages limit per action, when coupled with an award of actual damages and attorney's fees and costs, will sufficiently deter a debt collector from violating the FDCPA when dealing with the next debtor. Accordingly, the limitation of statutory damages for each action is consistent with both the purpose of the FDCPA and Congress's intent when enacting such legislation.

Although the Seventh Circuit Court of Appeals has not yet addressed this issue a majority of those federal courts which have, hold that the $1,000 limitation of statutory damages applies to each action, regardless of the number of violations of the Act. *See Wright v. Finance Serv. of Norwalk, Inc.,* 22 F.3d 647, 651 (6th Cir.1994) (holding that § 1692k(a)(2)(A) limits individual plaintiff's additional damages beyond actual damages to $1,000 "per proceeding" rather than "per violation"); *Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1563 (11th Cir.1992) (statutory language supports conclusion that statute authorizes a maximum $1,000 additional damages award per lawsuit). *See also Teng v. Metropolitan Retail Recovery, Inc.,* 851 F.Supp. 61, 69 (E.D.N.Y.1994); *Donahue v. NFS, Inc.,* 781 F.Supp. 188, 191 (W.D.N.Y. 1991); *Beattie v. D.M. Collections, Inc.,* 764 F.Supp. 925, 928 (D.Del.1991); *Harvey v. United Adjusters,* 509 F.Supp. 1218, 1222 (D.Or.1981). While some cases have held that statutory damages awarded under § 1692k(a)(2)(A) are limited to $1,000 for each violation of the Act, these opinions do not reconcile their holdings with the plain language of the statute. *See Rabideau v. Management Adjustment Bureau,* 805 F.Supp. 1086, 1095 (W.D.N.Y.1992); *Kaschak v. Raritan Valley Collection Agency,* No. 88–3763, 1989 WL 255498 (D.N.J. May 23, 1989) (cited by plaintiffs in this case).

The majority of those decisions reviewed together with an analysis of the language of § 1692k(a)(2)(A) indicates that an individual plaintiff's statutory damages are limited to $1,000 for each action in violation of the Act.

### ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED.