**Michael J. WHITE, Plaintiff,**

v.

**Deborah Krusche BRUCK, d/b/a Bruck Law Offices, S.C., Defendant.**

**No. 95–C–777–C.**

United States District Court,
W.D. Wisconsin.

May 13, 1996.

Sandra M. Baner, Baner Law Office, Janesville WI, for Michael J. White.

Scott G. Thomas, Law Offices of Scott G. Thomas, Milwaukee, WI, for Deborah Krusche Bruck, Bruck Law Offices, S.C.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for monetary relief brought pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Presently before the court is defendant's motion for partial summary judgment on the issue whether statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the Fair Debt Collection Practices Act are limited to either $1000 per proceeding or $1000 per individual statutory violation.

I conclude from the plain language of 15 U.S.C. § 1692k(a)(2)(A) of the Fair Debt Collection Practices Act and the majority of decisions interpreting the statute that additional statutory damages are limited to $1000 per proceeding. Accordingly, defendant's motion for partial summary judgment will be granted.

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Indiana Grocery, Inc. v. Super Valu Stores, Inc.,* 864 F.2d 1409, 1412 (7th Cir.1989). When the moving party succeeds in showing the absence of a genuine issue as to any material fact, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991). Also, if a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the opposing party is proper. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

As an initial matter, I note that plaintiff failed to respond to defendant's proposed facts as required by this court's summary judgment procedures. Instead, plaintiff simply offered his own proposed facts. The court's procedures specify that each numbered fact that is not answered by the opposing party will be deemed to be unopposed. The difficulty here is that some of the facts proposed by plaintiff contradict the facts proposed by defendant, creating an anomaly. In effect, plaintiff stipulates to defendant's proposed facts on the one hand, but disputes them on the other. In similar fashion, although defendant had an opportunity to dispute plaintiff's proposed facts in a reply, she failed to do so, although some of the facts proposed by plaintiff directly contradicted those proposed by defendant. If the contradicting facts had been material to a decision on this motion for partial summary judgment, I would have either denied the motion summarily for the parties' failure to comply with the court's procedures or required the parties to resubmit their proposed facts in strict compliance with the court's procedures. As it is, however, the contradictory facts are not material. Indeed, the question presented on summary judgment is a question of law, to which none of the facts underlying plaintiff's claim are material.

For the purpose of this motion only, I find from the parties' proposed findings of fact that the following material facts are not in dispute.

## UNDISPUTED FACTS

At all times relevant to this action, plaintiff Michael J. White resided in Rock County, Wisconsin. Defendant Deborah Krusche Bruck, d/b/a/ Bruck Law offices, S.C., is a lawyer who was retained by Carson Pirie Scott, Inc. to collect a consumer debt incurred by plaintiff.

On November 2, 1995, plaintiff filed a complaint against defendant, alleging eleven violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

## OPINION

■ The only issue presented is whether statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the Fair Debt Collection Practices Act are limited to $1000 for each proceeding or $1000 for each individual statutory violation. Section 1692k provides in pertinent part:

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damages sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may

allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The plain language of the statute appears to limit statutory damages on a per action basis. The statute states that "in the case of any *action* by an individual" damages shall not exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A) (emphasis added). This suggests that the statutory limit is $1,000 per action.

Although the Court of Appeals for the Seventh Circuit has not yet interpreted § 1692k(a)(2)(A), several other courts have done so and have concluded that it limits damages to $1,000 per action. *See, e.g., Wright v. Finance Serv. of Norwalk, Inc.,* 22 F.3d 647, 651 (6th Cir.1994) (§ 1692k(a)(2)(A) limits plaintiff's additional damages beyond actual damages to $1,000 "per proceeding" rather than to $1,000 "per violation"); *Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1563 (11th Cir.1992) (statutory language supports conclusion that statute authorizes a maximum of $1,000 additional damages per lawsuit); *Crossley v. Lieberman,* 868 F.2d 566, 573 (3d Cir.1989) (district court did not abuse its discretion in awarding statutory maximum of $1,000 in additional damages). *See also Barber v. National Revenue Corporation,* —— F.Supp. —— at —— [1996 WL 407578] (W.D.Wis.1996) (case law and analysis of statutory language indicates that an individual's statutory damages are limited to $1,000 for each action); *Teng v. Metropolitan Retail Recovery, Inc.,* 851 F.Supp. 61, 69 (E.D.N.Y.1994) (plain language provides for maximum damages of $1,000 per action; if Congress had intended to limit damages to $1,000 per violation it could have used that terminology); *Donahue v. NFS, Inc.,* 781 F.Supp. 188, 191 (W.D.N.Y.1991) (plain language of statute authorizes maximum $1,000 statutory award per lawsuit); *Beattie v. D.M. Collections, Inc.,* 764 F.Supp. 925, 928 (D.Del.1991) (statute provides for a single recovery of statutory damages per plaintiff per lawsuit); *Whatley v. Universal Collection Bureau,* 525 F.Supp. 1204, 1205 (N.D.Ga.1981) (granting partial summary judgment to defendants because parties conceded that statute limits damages to $1,000 per plaintiff); *Harvey v. United Adjusters,* 509 F.Supp. 1218, 1222 (D.Ore.1981) (in any one action, damage award may not exceed $1,000).

Plaintiff cites a single case for his argument that an award of statutory damages under the Fair Debt Collection Practices Act should be per violation rather than per action. In *Kaschak v. Raritan Valley Collection Agency,* 1989 WL 255498 (D.N.J.), the United States District Court for the District of New Jersey concluded that § 1692k(a)(2)(A) limits damages in a given suit to $1,000 per violation. *Id.* at *10. *See also Rabideau v. Management Adjustment Bureau,* 805 F.Supp. 1086, 1095 (W.D.N.Y. 1992) (statute allows up to $1,000 for each violation). However, neither of these cases reviews the precedents to the contrary or analyzes the plain language of the statute.

Plaintiff argues that the reference to "any action by an individual" in § 1692(a)(2)(A) was placed in the statute to distinguish § 1692k(a)(2)(A), addressing individual actions, from § 1692k(a)(2)(B), addressing class actions. Plaintiff argues that § 1692k(a)(2)(A) should be read in conjunction with the introductory subsection (a), which states that "any debt collector who fails to comply with *any provision* of this subchapter with respect to any person is liable to such person in an amount equal to the sum of ... (2)(A) ... such additional damages ... not exceeding $1,000...." 15 U.S.C. § 1692k(a)(2)(A) (emphasis added). Plaintiff interprets this language as allowing recovery of a maximum of $1,000 in statutory damages for each violation of the statute. However, if § 1692k(a)(2)(A) is read as plaintiff suggests, then § 1692k(a)(2)(B) must be interpreted similarly. Section 1692k(a)(2)(B) limits the statutory damages awarded to the

members of a class action to the "lesser of $500,000 or 1 per centum of the net worth of the debt collector...." 15 U.S.C. 1692k(a)(2)(B). According to plaintiff's interpretation, the statutory damage limitations for members of a class action would allow up to the lesser of $500,000 or 1% of the debt collector's net worth for *each violation.* Where, as here, there are eleven alleged violations of the Act, a debt collector could be responsible for the lesser of 11% of its net worth or $500,000 for each of the eleven violations. *See Barber,* 95–C–0731–C at 4. Such high awards might bankrupt certain companies. Such a possibility makes it unlikely Congress intended the statute to be read as plaintiff suggests.

Other sections of the statute support the interpretation that 15 U.S.C. § 1692k(a)(2)(A) is intended to limit damage awards to $1,000 per proceeding. For example, section 1692k(b)(1) provides:

> (b) In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors—
>
> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional....

15 U.S.C. § 1692k(b)(1). The requirement that courts consider the "frequency and persistence of noncompliance" in "any individual action" suggests that Congress envisioned situations in which debt collectors engage in multiple violations of the act. There would have been no need to require that courts consider the frequency of noncompliance if Congress intended that each violation of the act could result in an award of damages up to $1,000; courts would necessarily consider the frequency of noncompliance in awarding damages for each separate violation. *See Wright,* 22 F.3d at 651.

■ Plaintiff argues that higher damage awards are a more effective way to deter debt collection abuses consistent with the purposes of the Fair Debt Collection Practices Act. Certainly, Congress intended to outlaw abusive collections practices. S.Rep. No. 382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. However, although there appears to be no congressional debate or report on the issue of the maximum statutory damages allowable under the statute when there are multiple violations, the Senate Report states, "A debt collector who violates the Act is liable for ... any additional damages the court deems appropriate, not exceeding $1,000." *Id.* at 1700. If Congress wanted to make debtors liable for each separate violation, it could have made the statute more explicit. "Congress certainly knows how to write statutes that make each separate violation subject to a separate penalty.... Thus, even were we to need to consult legislative history, this absence of an intent contrary to the plain meaning of the words indicates that Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation." *Wright,* 22 F.3d at 647. Notably, the statute allows plaintiffs to recover their actual damages, § 1692k(a)(1), costs, § 1692k(a)(3), and attorney fees (*id.*). Consequently, it is reasonable to conclude that Congress contemplated the deterrent effect of the damage award limitations it imposed and determined them to be sufficient to curb abusive debt collection practices. *But see* Robert J. Hobbs, *Fair Debt Collection,* § 6.4.5.2. at 216–17 (1991) (arguing that Congress intended that collectors could be liable for multiple statutory damages because drafters rejected a version of the bill modeled after 15 U.S.C. § 1640(g), expressly prohibiting multiple statutory damages for violations of the Truth in Lending Act).

■ Finally, plaintiff argues that the $1,000 limit discourages joinder of claims and parties and encourages the filing of separate lawsuits for each violation. However, the doctrine of claim preclusion works against the evil plaintiff envisions. It prevents the splitting of a single cause of action among multiple suits and discourages parties from omitting violations that are part of the same transaction or occurrence. 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1582 (1990). "The possibility of being barred from asserting a particular claim in a second suit undoubtedly has an in terrorem effect and encourages cautious attorneys to

join claims that actually might not be encompassed by claim preclusion rules." *Id.* In addition, the doctrine of consolidation deters lawyers from filing separate claims; it allows courts to order joint trials or hearings in actions involving common questions of law or fact. *See generally* 9 Wright, Miller and Kane, *supra*, § 2382 (1995). Finally, even if plaintiff is correct that some lawyers may file separate claims when a defendant has committed multiple violations of the act, this does not negate the fact that the clear language of § 1692k(a)(2)(A) and the majority of decisions interpreting the statute suggest that additional damages are limited to $1,000 per action. Accordingly, defendant's motion for partial summary judgment will be granted.

## ORDER

IT IS ORDERED that the motion for partial summary judgment by defendant Deborah Krusche Bruck, d/b/a Bruck Law Offices, S.C., is GRANTED.