**Douglas DEWEY and Karen Dewey, Plaintiffs,**

v.

**ASSOCIATED COLLECTORS, INC., Defendant.**

No. 96–C–26–C.

United States District Court, W.D. Wisconsin.

June 7, 1996.

Mary C. Fons, Fons Law Office, Stoughton, WI, for Douglas Dewey, Karen Dewey.

David M. McDorman, McDorman & Gillen, Madison, WI, for Associated Collectors, Inc., Midwest Billing Service.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for monetary relief brought pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Defendant Associated Collectors, Inc. acknowledges that it violated the act in a letter sent to plaintiff Douglas Dewey on March 7, 1995 and has moved for partial summary judgment on several issues relating to the damages to which plaintiffs Douglas and Karen Dewey are entitled. First, defendant argues that pursuant to 15 U.S.C. § 1692k(a)(2)(A), plaintiffs are limited to $1000 statutory damages per proceeding instead of $1000 per individual statutory violation. Second, defendant contends that plaintiff Karen Dewey cannot recover damages under the act because the March 7, 1995 letter was not directed to her. Third, defendant seeks a ruling that the term "frequency and persistence of noncompliance by the debt collector" in 15 U.S.C. § 1692k(b)'s array of factors for consideration in awarding statutory damages does not encompass conduct between defendant and other debtors, but relates only to multiple contacts between defendant and the plaintiffs in this case. Finally, defendant contends that because it has conceded liability and plaintiffs are not seeking actual damages, the court rather than a jury should determine the damages to which plaintiffs are entitled.

I considered the first issue recently in *White v. Bruck,* 927 F.Supp. 1168 (W.D.Wis. 1996) and concluded that additional statutory damages under 15 U.S.C. § 1692k(a)(2)(A) are limited to $1000 per proceeding. For the reasons stated in that decision, a copy of which is attached to this order, defendant's motion for summary judgment with respect to this claim will be granted. Furthermore, I conclude that plaintiff Karen Dewey cannot recover any damages in this suit, that "frequency and persistence of noncompliance" relates only to repeated efforts to collect from an individual debtor and that plaintiff is not entitled to a jury trial.

For the purpose of this motion only, I find from the parties' proposed findings of fact that the following material facts are not in dispute.

## UNDISPUTED FACTS

Defendant Associated Collectors, Inc. sent a letter dated March 7, 1995 to plaintiff Douglas Dewey that was in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiffs Douglas and Karen Dewey are married and reside in Janesville, Wisconsin.

## OPINION

### I. *$1000 STATUTORY DAMAGES AWARD*

■ In *White v. Bruck,* 927 F.Supp. 1168 (W.D.Wis.1996) (copy attached),* I addressed the question of statutory damages under the Fair Debt Collection Practices Act and concluded that statutory damages under 15 U.S.C. § 1692k(a)(2)(A) are limited to $1000 per proceeding. I have reviewed that decision in light of plaintiffs' arguments and remain convinced that the conclusion was correct. Plaintiffs cite two cases in support of their contention that the act authorizes an award of $1000 in statutory damages for each violation. *Kaschak v. Raritan Valley Collection Agency,* No. 88–3763, 1989 WL 255498 (D.N.J.); *Rabideau v. Management Adjustment Bureau,* 805 F.Supp. 1086 (W.D.N.Y. 1992). I rejected those cases as unpersuasive in *White,* finding that the plain language of the statute appears to limit statutory damages on a per action basis and that the greater weight of authority supported the per action position. *See White* at 1169–70. Plaintiffs' remaining arguments do not establish that the issue was decided improperly in *White.*

### II. *KAREN DEWEY'S CLAIM*

Plaintiffs argue that although the March 7 letter was addressed to Douglas Dewey, Karen Dewey, his wife, is entitled to recover from defendant also. Plaintiffs contend that Karen Dewey is a "consumer" within the purview of the act because Wisconsin's marital property law made her responsible for her husband's debt. In addition, plaintiffs argue that because Karen Dewey sees all the mail that comes to plaintiffs' home, she was subjected to defendant's illegal conduct in the same manner as Douglas Dewey and is therefore allowed to recover her own statutory damages.

Section 1692k(a) of Title 15 U.S.C. provides:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person.... [Emphasis added].

Plaintiffs argue first that because Karen Dewey is liable for any debt incurred by her husband pursuant to Wisconsin marital property law, she is entitled to recover from defendant for violations of the act. Plaintiffs premise this argument on the ground that Wisconsin marital property law makes Karen Dewey a "consumer" under 15 U.S.C. § 1692(a)(3) ("consumer means any natural person obligated or allegedly obligated to pay any debt"). However, plaintiffs fail to point to any language in the act's damages provisions that mention the term "consumer." Even if plaintiff Karen Dewey were a consumer, plaintiffs' position stretches the plain meaning of the act too far. Adopting plaintiffs' reasoning would mean that in Wisconsin both spouses could recover automatically for violations of the act without showing that they even knew of the existence of the violation let alone experienced any injury from it. In passing the act, Congress sought to protect consumers against abusive debt collection practices. 15 U.S.C. § 1692(e). It did not intend to provide damages to those who did not experience any abusive behavior.

■ Plaintiffs' second argument nips in the bud the problem with its first argument by contending that Karen Dewey experienced defendant's abusive behavior in the same manner as did her husband. But this argument has a problem of its own. Plaintiffs have submitted no evidence that Karen Dewey saw or read the March 7 letter. Even if she had reviewed it, the act does not permit her to recover for violations in a letter addressed to someone else in this instance. Plaintiffs cite a number of cases in which courts have permitted persons other than the original debtor to recover statutory damages under the "any person" language of 15 U.S.C. § 1692k(a). *See Wright v. Finance Service, Inc.,* 996 F.2d 820 (6th Cir.1993), *rev'd on other grounds,* 22 F.3d 647 (6th Cir.1994) (en banc); *Dutton v. Wolhar,* 809 F.Supp. 1130 (D.Del.1992); *Kaschak,* 1989 WL 255498; *Riveria v. MAB Collections, Inc.,* 682 F.Supp. 174 (W.D.N.Y.1988); *Whatley v. Universal Collection Bureau, Inc.,* 525 F.Supp. 1204 (N.D.Ga.1981). All of these cases are distinguishable from plaintiffs'.

* Editor's Note: This decision is separately publish-    ed at 927 F.Supp. 1168.

*Wright,* 996 F.2d 820, and *Riveria,* 682 F.Supp. 174, involved situations in which executrixes of estates were allowed to sue for damages when they received collection letters addressed to deceased debtors. In *Dutton,* 809 F.Supp. 1130, plaintiffs who were not debtors but had received letters addressed to debtors were allowed to step into the debtors' positions and sue for damages. If the non-debtor plaintiffs in these cases had not been allowed to bring suit, the collection agencies would have escaped liability because their illegal collection letters never reached the actual debtors. In this case, there was no need for another individual to sue in the debtor's place because the debtor, plaintiff Douglas Dewey, received the collection letter himself. *Whatley,* 525 F.Supp. 1204, is the case most helpful to plaintiffs' position. In *Whatley,* a collection agency left a threatening message to a debtor and his parents on the family answering machine. The court allowed the debtor's parents to bring suit because they claimed harm from the proscribed debt collection practices. The court did not explain whether the message was directed specifically to the debtor or was aimed at his parents also. Even if I were to agree that *Whatley* reached the proper result, there is no evidence in this case to indicate that defendants directed their collection practices at plaintiff Karen Dewey in any way. Allowing her to bring suit would grant her a windfall unintended by the act.

### III. *FREQUENCY AND PERSISTENCE OF NONCOMPLIANCE*

██ In determining the proper amount of damages to assess for violations of the act, 15 U.S.C. § 1692k(b) directs a court to consider, among other relevant factors:

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

Plaintiffs maintain that the "frequency and persistence of noncompliance" language in § 1692k(b)(1) and (2) pertains to defendant's actions in cases other than this one and seeks to discover and prove that defendant has violated the act with respect to other consumers. Proper interpretation of the statute does not lead to this conclusion.

In setting forth the factors that courts should consider in awarding statutory damages for violations of the act, § 1692k(b) makes a distinction between individual actions and class actions. Courts are to consider the "frequency and persistence of noncompliance by the debt collector" in each type of action. In class actions, courts are to consider "the number of persons adversely affected" as well. § 1692k(b)(2).

If the term "the number of persons adversely affected" is to have meaning, it must be something additional to the "frequency and persistence of noncompliance." Otherwise, the term would be superfluous and contradict the familiar statutory canon that an interpretation should give meaning to all components of a statute. Applying this canon, I find that "frequency and persistence of noncompliance" does not pertain to actions taken by a debt collector in other cases but only to the consistency of the debt collector's actions with respect to the debtor bringing suit. If Congress had intended courts to address the issue of a debt collector's comprehensive business activities in individual actions, it would have included "the number of persons adversely affected" or other similar language as a relevant factor in subpart (1) of § 1692k(b). It appears that Congress recognized the inefficiency of delving into such matters in cases where statutory damages are limited to $1000.

Case law on this issue is sparse and divided. In *Hulshizer v. Global Credit Services, Inc.,* No. CV82–L–315 (D.Neb. March 23, 1983), the court held that evidence concerning the defendant's actions with respect to other consumers had no relevance in an individual action in which the amount of liability was to be determined in accordance with § 1692k(b)(1). In *Sheldon v. J–K Collec-*

*tions,* No. 90–0428 JP (D.N.M. Sept. 5, 1990), the court reached the opposite result, holding that it should examine the frequency and persistence of noncompliance by the debt collector with respect to all consumers adversely affected, not just the litigants in a particular case. The parties cite other case law that touches on this issue tangentially but does not help clarify the inquiry. I find *Hulshizer* more persuasive than *Sheldon,* which makes no inquiry into the differences between the language in subpart (1) and subpart (2) in § 1692k(b) and relies on two cases that lend only questionable support to the positions for which the court cited them. *See Crossley v. Lieberman,* 868 F.2d 566, 572 (3rd Cir.1989); *Riveria,* 682 F.Supp. at 179.

### IV. *JURY TRIAL*

Defendant has conceded liability in this case. Nonetheless, plaintiffs contend that they are entitled to a jury trial to determine statutory damages. Plaintiffs are wrong. The act commits the power to determine statutory damages to the court, § 1692k(a)(2)(A), and specifically addresses in § 1692k(b) the factors the court should consider. Denying plaintiffs a jury trial once liability has been established does not deprive them of their Seventh Amendment right to a jury trial. Plaintiffs would have been entitled to a jury trial had defendant not conceded liability or if they were claiming actual damages as were the plaintiffs in *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830 (11th Cir.1982), but they are not claiming actual damages and the act leaves remaining statutory damages questions to the discretion of the court.

### ORDER

IT IS ORDERED that the motion for partial summary judgment by defendant Associated Collectors, Inc. is GRANTED. Determination of the damages for defendant's violation of the Fair Debt Collection Practices Act will be reserved for trial. A decision on issues of attorney fees and costs will be stayed until after the trial.