David ADAMS, Plaintiff,

v.

**LAW OFFICES OF STUCKERT & YATES and Stephen L. Needles, Esquire, Defendants.**

No. 95–CV–4267.

United States District Court, E.D. Pennsylvania.

May 8, 1996.

Helene B. Podell, Mattleman, Greenberg, Shmerelson, Weinroth and Miller, P.C., Philadelphia, PA, for Plaintiff.

Steven H. Sailer, Stuckert and Yates, Newtown, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

We address today the cross-motions for summary judgment filed by the parties in this case arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692—1692o (1982 & Supp.1996) (the "FDCPA") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.Cons.Stat. Ann. §§ 201–1—201–9.2 (1993) (the "CPL").

## BACKGROUND

The defendants are the law firm of Stuckert & Yates and one of its attorneys, Stephen L. Needles, Esquire, who was retained by the Plastic and Reconstructive Surgery Center (the "Center") to collect delinquent accounts. The plaintiff, David Adams, received medical treatment at the Center on August 18, 1994. Based on Mr. Adams's representation that his medical insurance carrier would pay for the treatment, the Center provided services without insisting on pre-payment. For reasons unexplained by the parties, however, the bill remained unpaid as of February 1995. Thus, on February 10, 1995, Mr. Needles addressed a letter on the Center's behalf to Mr. Adams, mailing one copy to his home and one to his place of business, requesting payment in the amount of $85.00. The letter provides, in full, as follows:

I have been retained to collect this past due account and to file suit if necessary.

Please send a check in the above amount [$85.00] to this office, made payable to Stephen L. Needles, Attorney at Law. If I do not receive prompt payment I must take further action to collect this debt, and I do not have to give you any further notice. I may bring a lawsuit, which can result in garnishment or execution on your personal property. I may report you to

credit agencies. If I do take legal action, I will ask the court to award costs, service fees, and attorney's fees.

To avoid trouble, please pay immediately. If you need to make arrangements, call or write to my office.

**Unless you dispute the validity of this debt or any portion thereof within 30 days of the date of the letter, I will assume that the debt is valid. If you notify me of such a dispute, in writing, within this 30 day period, I will obtain verification of the debt and promptly send a copy to you.**

After receiving the letter, Mr. Adams contacted his insurance carrier, which promptly paid the amount due.

Mr. Adams filed the instant complaint on July 10, 1995, alleging various violations of the FDCPA and the CPL. After a brief discovery period, Defendants filed a motion for summary judgment, contending that they are entitled to judgment on the grounds that the account in question is not a "debt" and Mr. Adams is not a "consumer" as those terms are defined in the FDCPA. Mr. Adams has countered with his own motion for summary judgment, in which he argues that the undisputed facts lead to the conclusion that Defendants violated the FDCPA in a number of respects.

### DISCUSSION

#### A. *Summary Judgment Standard*

This Court is authorized to award summary judgment "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the Court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct.

at 2510–11). Further, the non-moving party cannot survive a summary judgment motion by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986)). Boiled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. Of course, the mere fact that the parties have filed cross-motions under Rule 56(c) does not mean that the case will necessarily be resolved at the summary judgment stage. The court must consider the motions separately. Each side must still establish that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *United States v. Hall*, 730 F.Supp. 646, 648 (M.D.Pa.1990) (citing *Home for Crippled Children v. Prudential Ins. Co.*, 590 F.Supp. 1490, 1495 (W.D.Pa.1984)).

#### B. *Defendants' Motion for Summary Judgment*

The FDCPA allows consumers who have been subjected to abusive, deceptive, and unfair debt collection practices to recover damages, attorney's fees and costs. 15 U.S.C. § 1692k(a). A threshold requirement for application of the FDCPA is that the prohibited practices were used in an attempt to collect a "debt." *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987). The FDCPA defines the term "debt" as

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The Third Circuit has held that the type of transaction giving rise to a "debt" is "a transaction in which a consumer is offered or extended the right to acquire money, property, insurance, or services which are primarily for household purposes and to defer payment." *Zimmerman,*

834 F.2d at 1168–69 (internal quotations omitted).

 Defendants contend that the account was not a "debt" because the health insurance carrier was the party responsible for paying the debt. We reject this argument. First, the present circumstances appear to fit within the statutory definition of debt. Mr. Adams contracted with the Center to receive personal medical services in exchange for cash. Moreover, the Center allowed Mr. Adams to receive treatment without having to render payment contemporaneously. Thus, Mr. Adams was the party in privity of contract with the Center, and—as Defendants conceded in their letter to Mr. Adams—the party against whom the Center would have brought an action had the debt remained unsatisfied. The result does not change merely because Mr. Adams was looking to a third party to make the payment on his behalf. Mr. Adams was the party ultimately liable for retiring the debt. Whether he retires the debt with funds from his checking account or pursuant to his contract with a health insurance carrier is of no moment. Thus, we decline to award summary judgment to Defendants on the ground that the account at issue is not a "debt."

 Defendants also contend that they are entitled to summary judgment because Mr. Adams is not "the type of debtor that Congress intended to protect when it enacted the FDCPA." Defs.' Mem. at 5. Of course, the most reliable indicator of Congressional intent is the plain meaning of the statute's language. *Singh v. Daimler–Benz AG*, 800 F.Supp. 260, 261 (E.D.Pa.1992), *aff'd*, 9 F.3d 303 (3d Cir.1993). The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Thus, as we have determined Mr. Adams was allegedly obliged to pay a "debt," we must conclude that he is a "consumer" for purposes of the FDCPA. Accordingly, Defendants' motion, in this respect as well, must be denied.

C. *Plaintiff's Motion for Summary Judgment and Defendants' Opposition Thereto*

 In his motion for summary judgment, Mr. Adams argues that Defendant violated the FDCPA in a number of respects. Although Defendants have not filed a cross-motion for summary judgment as to the particular alleged violations of the FDCPA, they contend in their opposition to Mr. Adams's motion that under the undisputed facts presented, Defendants cannot be liable under the FDCPA. In such a situation, the district court possesses the discretion to award summary judgment to the non-moving party as long as the original movant " 'has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.' " *National Expositions, Inc. v. Crowley Maritime Corp.*, 824 F.2d 131, 133–34 (1st Cir. 1987) (Breyer, J.) (quoting 10A Charles A. Wright, et al., Federal Practice and Procedure § 2720, at 34); *see McLaughlin v. Compton*, 834 F.Supp. 743, 746 (E.D.Pa.1993) (summary judgment may be awarded to non-moving party where record supports the result), *rev'd in part on other grounds*, 57 F.3d 270 (3d Cir.1995). Mr. Adams has had that opportunity here. The facts of the case are straightforward and undisputed. The only issues presented concern whether Defendants violated the FDCPA in the manners alleged. Mr. Adams has presented his arguments regarding these issues in both his own motion and his opposition to Defendants' motion. Accordingly, we will treat Defendants' opposition to Plaintiff's motion as a motion for summary judgment as to the alleged violations of the FDCPA.

1. *Section 1692g Claim*

 Mr. Adams contends that Defendants violated 15 U.S.C. § 1692g in that certain language in the letter overshadows and contradicts the validation notice. Specifically, Mr. Adams argues that by raising the possibility of both a lawsuit and damage to Mr. Adams's credit rating in the absence of "prompt payment," and by warning Mr. Adams to pay "immediately" in order to "avoid trouble," Defendants misrepresented the nature of a consumer's rights under the FDCPA. Moreover, Mr. Adams complains that the mailing of the letter to both his home and place of work was confusing. Sec-

tion 1692g provides in relevant part as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

▮▮▮▮ Whether notice is effective under the FDCPA is an issue resolved with reference to the objective "least sophisticated debtor" standard. *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1135 (D.Del.1992). Generally, a validation notice must be sufficiently large and conspicuous to be noticed

by the debtor, and "must not be overshadowed or contradicted by other messages from the debt collector." *Graziano*, 950 F.2d at 111. The extraneous language is considered overshadowing or contradictory if it would cause the least sophisticated debtor to become confused or uncertain as to his rights under the FDCPA. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996).[1] In *Graziano*, for example, our Court of Appeals held that language threatening legal action if the debt was not paid within ten days overshadowed and contradicted the consumer's statutory right to dispute the debt within thirty days. *Graziano*, 950 F.2d at 111.

After careful review, we conclude that the language in the paragraphs preceding the validation statement could be construed by the least sophisticated consumer to mean that Defendants would file suit and report the consumer to the credit agencies in the absence of "prompt" or "immediate" payment. While Defendants did not articulate a specific time limit within which payment must be made, as did the debt collector in *Graziano*, the language calling for "immediate" payment contradicts the validation notice, which provides for a thirty day period in which the debtor is able to contest the debt. Since the second and third paragraphs of the letter contradict the required fourth paragraph when viewed from the perspective of the least sophisticated consumer, Defendants have violated the FDCPA. *See id.* ("the juxtaposition of two inconsistent statements" renders the required notice invalid under § 1692g). Accordingly, we will award summary judgment to Mr. Adams as to the § 1692g claim to the extent it is based on the contradictory nature of the letter at issue.

▮▮▮▮ Mr. Adams also argues that Defendants violated the Act by sending copies of the letter to both his home and place of work. He states that he received the letter

---

**1.** There is law in this circuit holding that the FDCPA is not implicated unless the extraneous language stands in "threatening contradiction" to the validation notice, thereby "grossly overshadowing" the notice language. *Smith v. Financial Collection Agencies*, 770 F.Supp. 232, 235 (D.Del.1991); *see Burns v. Accelerated Bureau of Collections*, 828 F.Supp. 475, 476 (E.D.Mich.1993) (applying "threatening contra-

diction" standard). This heightened standard finds no support in *Graziano*, and was specifically rejected by the Second Circuit Court of Appeals in *Russell*, 74 F.3d at 35 ("*Smith* is not good law in this Circuit. The question is whether, from the perspective of the least sophisticated consumer, language contained in the notice overshadowed or contradicted the mandatory validation notice; if so, then the Act is violated.").

**528**

at his office two days after a copy arrived at his home; thus, he contends that the receipt of the copies of the letter over the course of two days would have confused the least sophisticated consumer as to the precise boundaries of the thirty day period. The letter states that Mr. Adams could dispute the validity of the debt "within 30 days of the date of th[e] letter." The FDCPA, on the other hand, provides that the thirty day period is to commence upon the consumer's "receipt of the notice." 15 U.S.C. § 1692g(a)(3). Thus, the letter is defective in two additional respects: (1) the period of time in which a consumer can dispute the debt will generally be shorter than thirty days, since the letter informs the consumer that the thirty day period begins on the date of the letter, as opposed to the date of receipt of the letter; and (2) the least sophisticated would be confused as to the boundaries of the thirty day period if he receives copies of the letter on different days, as Mr. Adams did here. Accordingly, for these reasons as well, we must award summary judgment to Mr. Adams on his § 1692g claim.

### 2. Section 1692f Claim

 Mr. Adams next alleges that Defendants are liable to him under § 1692f, which prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f articulates a series of acts which constitute unfair debt collection practices, including (1) collecting an amount greater than the amount owed; (2) taking certain actions concerning the consumer's postdated check; (3) causing charges for communications to be incurred by the consumer; (4) taking or threatening to take any nonjudicial action to repossess property; (5) communicating with the debtor via postcard; and (6) placing language or other symbol apart from a return address on the envelope used to communicate with the consumer. Although none of the particular unlawful acts set forth in § 1692f apply to the circumstances here, the section provides that the specific provisions do not limit the general applicability of the proscription against unfair practices. Thus, § 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically. *Masu-*

*da v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1461 n. 10 (C.D.Cal.1991).

The bases for Mr. Adams's § 1962f claim are identical to the grounds for the § 1692g claim: that the accompanying language contradicted and overshadowed the validation statement and that the mailing of two copies of the letter would have confused and disoriented the least sophisticated debtor with regard to his rights under the FDCPA. As we have found that Defendants failed to comply with § 1692g in the manners alleged, we see no need to declare their conduct unlawful under § 1692f's general provision. Moreover, we cannot conclude that Defendants' letter manifests patent unfairness. The letter does not reflect an abuse of Defendants' superior economic position and level of sophistication, the hallmark of unconscionability. *Peoples Mortgage Co., Inc. v. Federal Nat'l Mortgage Ass'n,* 856 F.Supp. 910, 927 (E.D.Pa.1994). Accordingly, we will award summary judgment to Defendants as to Mr. Adams's § 1692f claim.

### 3. Section 1692e Claim

Mr Adams next alleges that Defendants violated § 1692e(11) by failing to state that they were attempting to collect a debt and that any information obtained would be used for that purpose. The pertinent provision reads as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . . .

(11) Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

15 U.S.C. § 1692e.

 Defendants concede that they failed to state that any information obtained

would be used for the purposes of collecting the debt, as the statute requires. Nevertheless, they contend that the violation is excusable under § 1692k(c), which provides that:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). Thus, in order to qualify under the bona fide good faith exception, the debt collector bears the burden to "show that the violative act was unintentional *and* that it occurred despite the existence and operation of procedures reasonably expected to prevent such errors." *Graziano v. Harrison*, 763 F.Supp. 1269, 1277 (D.N.J.), *rev'd in part on other grounds*, 950 F.2d 107 (3d Cir.1991). The debt collector must have in place some ongoing policy that operates to detect, correct and prevent errors. An isolated, one-time action taken to avoid violations will not suffice. *Id.*

In support of this defense, Defendants have attached an affidavit in which Mr. Needles avers that the omission of the required language was inadvertent, caused by a computer malfunction. Further, Defendants assert that Mr. Needles has attended legal education classes regarding the FDCPA and that he provided his secretary with a written reminder to include the required language on all correspondence to debtors, which she keeps posted near her word processor. We conclude that while Mr. Needles has raised an issue of fact as to whether the violation was unintentional, the evidence provided is insufficient to show that Defendants had in place procedures designed to prevent violations of the FDCPA. The fact that Mr. Needles has attended classes to educate himself as to the FDCPA's requirements says nothing about the specific procedures Defendants followed to ensure they complied with the FDCPA. The instant inquiry assumes that the debt collector is aware of the FDCPA's requirements, and concerns the procedure the debt collector implements so that he complies with the FDCPA. More-

over, as we noted above, an isolated action, such as the posting of a reminder next to a word processor, is clearly insufficient to qualify for the good faith defense. There is no evidence here even to suggest that an attorney proofreads correspondence before it is sent to a debtor. *See id.* (no good faith defense available where there is no review of letters before they are sent out). Since Defendants have indisputably violated the FDCPA in this respect, and have failed to point to evidence sufficient to support a bona fide good faith error defense, we must award summary judgment to Mr. Adams as to his § 1692e(11) claim.

### 4. *The § 1692c Claim*

 Finally, Mr. Adams asserts that Defendants violated § 1692c, which provides, in relevant part, as follows:

> (a) **Communication with the consumer generally**—Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> . . . . .
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c. Mr. Adams contends that Defendants violated this provision by sending a copy of the letter to him at his place of employment. However, Mr. Adams has failed to point to any evidence suggesting that Defendants knew or had reason to know that his employer prohibited its employees from receiving such communications at the workplace. Indeed, the uncontested evidence contained in Mr. Needles's affidavit shows that Defendants had no such knowledge. Accordingly, Defendants must be granted summary judgment as to the § 1692c claim.

## CONCLUSION

For the reasons set forth above, we will award summary judgment to Mr. Adams as to his §§ 1692g and 1692e(11) claims, and grant summary judgment in favor of Defendants as to Mr. Adams's claims arising under §§ 1692f and 1692c. An appropriate order follows.[2]

### ORDER

AND NOW, this 8th day of May, 1996, upon consideration of Defendants' Motion for Summary Judgment, and the Opposition thereto; and Plaintiff's Motion for Summary Judgment, and the Opposition thereto, it is hereby ORDERED that Plaintiff is awarded summary judgment as to liability on his claims arising under 15 U.S.C. §§ 1692g and 1692e(11), and Defendants are granted summary judgment as to Plaintiff's claims arising under 15 U.S.C. §§ 1692f and 1692c.

**2.** As the parties' submissions do not address the CPL or the issue of damages, our order concerns only the issue of Defendants' liability under the FDCPA.