Lisa M. RAIMONDI, Plaintiff,

v.

MCALLISTER & ASSOCIATES,
INC., Defendant.

No. 98 C 1304.

United States District Court,
N.D. Illinois,
Eastern Division.

June 15, 1999.

Jerome S. Lamet, Anne Katherine Frerichs, Michelle D. Orton, Jerome S. Lamet & Associates, Chicago, IL, for Lisa M. Raimondi, plaintiff.

William J. Moroney, David E. Cohen, P.C., Chicago, IL, for McAllilster & Associates, Inc., an Illinois Corporation, defendant.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Lisa M. Raimondi has filed a complaint against defendant McAllister & Associates, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff alleges that defendant violated § 1692e(5) and 1692e(10) by threatening to contact plaintiff's employer, and that defendant violated § 1692c(a)(2) by contacting her by telephone and letter after she had notified defendant that she was represented by counsel. Plaintiff also argues

that the $1,000 statutory cap for actual damages is a per violation cap, not a per case cap, and that therefore she should receive $1,000 for each provision defendant violated. Defendant has filed a motion to dismiss. Defendant has also filed a motion for sanctions, alleging that plaintiff admitted to having spent all of the money she received from the state court's default judgment.[1] Plaintiff has filed a cross motion for summary judgment, and has requested punitive damages.[2]

## FACTS

Plaintiff alleges that defendant sent her a letter dated September 24, 1997, demanding the payment of a debt. The letter, a copy of which was attached to the complaint as Exhibit A, states, in relevant part: "This is to put you on notice that a professional collector will investigate your financial situations through credit reporting agencies, employers, banks and other lending institutions. If we determine you have the ability to pay, your account could be referred to McAllister & Associates Litigation Department." On September 29, 1997, counsel for plaintiff sent defendant a letter stating, "This is to inform you that we represent the above-referenced client." Although the letter was addressed to defendant's post office box and was not returned to plaintiff as undeliverable, defendant claims that it never received the letter. According to plaintiff, defendant contacted plaintiff three times by letter and once by telephone after plaintiff's attorneys sent the letter announcing their representation.

1. Because plaintiff has reimbursed defendant the full amount of the default judgment plus 9% interest, defendant's motion for sanctions is deemed moot.

2. As defendant notes in its reply brief, plaintiff violated Local Rule 12(M) by failing to file a statement of uncontested material facts. Plaintiff has moved for leave to file a statement of undisputed facts instanter. Plaintiff's proffered Local Rule 12(M) statement is in-

## LEGAL STANDARDS

In deciding a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429–30 (7th Cir.1996). For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Travel All Over the World*, 73 F.3d at 1428.

Under Fed.R.Civ.P. 56(c), a court should grant a summary judgment motion if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." *See Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir.1991). The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(c). When reviewing a summary judgment motion, the court must read the facts in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

complete and does not adhere to the local rule, which requires the movant to make "specific references to the affidavits, parts of the record, and other supporting materials relied on." Moreover, defendant did not have an opportunity to file a Local Rule 12(N) statement. In the interest of judicial economy, the court denies plaintiff's motion and considers the summary judgment motion and its accompanying exhibits without Local Rule 12 statements.

## DISCUSSION

### I. Claimed FDCPA Violations

#### A. Section 1692e(5)

Plaintiff alleges that defendant's statement, "a professional collector will investigate your financial situations through ... employers," violated § 1692e(5) because it amounted to a threat to contact her employer. Section 1692e(5) prohibits a debt collector from threatening to take an action that cannot legally be taken. Section 1692c(b) prohibits a debt collector from communicating with third parties, including a debtor's employer. *See Sluys v. Hand,* 831 F.Supp. 321, 326 (S.D.N.Y.1993) (holding that mailing a letter to a debtor's employer violates § 1692c(b)).

█ Taken in conjunction with § 1692c(b), § 1692e(5) forbids a debt collector from threatening to communicate with a debtor's employer. *See Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir.1988) ("Because section 1692c(b) prohibits uncontested and unauthorized communication with a debtor's employer concerning the debt, the threat constitutes a 'threat to take any action that cannot legally be taken'" in violation of § 1692e(5)); *Herbert v. Wexler & Wexler,* 1995 WL 535107, *2 (N.D.Ill. Sept.5, 1995) ("Reading § 1692c(b) together with § 1692e(5), the Court concludes that the FDCPA, specifically § 1692e(5), does forbid a debt collector from threatening to contact a third party [such as a debtor's employer] in connection with the collection of a debt."); *Rutyna v. Collection Accounts Terminal, Inc.,* 478 F.Supp. 980, 982 (N.D.Ill.1979) (holding that a letter that read, "Our field investigator has now been instructed to make an investigation in your neighborhood and to personally call on your employer," violated § 1692e(5) because it "constitute[d] a false representation of the actions that defendant could legally take.").

Defendant argues that the letter does not violate § 1692e(5) because the Fair Credit Reporting Act, 15 U.S.C. § 1681b(3)(A), allows a debt collector to obtain credit reports on a debtor. This court need not consider this defense, however, because it is irrelevant if threatening to contact a debtor's employer violates the FDCPA. Defendant cites *Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521 (E.D.Pa.1996), for the proposition that a debt collector is entitled to communicate with a debtor at his place of employment. *Adams* is inapposite. Plaintiff does not allege that defendant contacted her or threatened to contact her at her place of employment, but that defendant threatened to contact her employer. The court agrees with plaintiff and grants her motion for summary judgment on the § 1692e(5) claim.

#### B. Section 1692e(10)

█ Plaintiff also claims that the letter violates § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Because § 1692c(b) explicitly prohibits defendant from contacting plaintiff's employer, threatening to do so in order to collect a debt amounts to a false representation in violation of § 1692e(10). The court therefore grants plaintiff's motion on her § 1692e(10) claim as well.

#### C. Section 1692c(a)(2)

Plaintiff claims that the letter likewise violates § 1692c(a)(2), which forbids a debt collector from communicating directly with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Because plaintiff alleges that she informed defendant that she was represented by an attorney, the court denies defendant's motion to dismiss this claim.

To win her motion for summary judgment on her § 1692c(a)(2) claim, however, plaintiff must "present evidence from which it can be reasonably inferred" that

defendant had "actual knowledge" that she was represented by an attorney. *Cole v. Biehl & Biehl,* 1997 WL 733928, at *2, *3 (Nov. 18, 1997); *Hubbard v. Nat'l Bond & Collection Assoc., Inc.,* 126 B.R. 422, 426 (D.Del.1991) ("[The plaintiff] must prove that prior to the defendant's sending of the collection letter, the defendant had 'actual knowledge' that [the plaintiff] was represented by an attorney with respect to the ... debt.") (citing cases); *see also In re Duke,* 79 F.3d 43, 46 (7th Cir.1996) (stating in dicta that a debt collector's actions "raise[d] questions" under § 1692c(a)(2) because it was undisputed that the defendant knew that the plaintiff was represented).

■ Plaintiff has presented evidence that her attorneys mailed a letter to defendant in which they stated that they had been retained to represent plaintiff in connection with her debt. Defendant claims that it never received the letter. Plaintiff presents evidence that the letter was addressed to defendant's post office box, and that defendant received and cashed checks plaintiff mailed to the same post office box around the same time.[3] Whether or not defendant received the letter is a disputed factual issue that prevents the court from determining if defendant had actual knowledge that plaintiff was represented by attorneys. The court therefore denies plaintiff's motion for summary judgment on her § 1692c(a)(2) claim.

## II. Damages

Under § 1692k(a)(2)(A), "any debt collector who fails to comply with any provision of this subchapter ... is liable [for,] ... in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." Plaintiff argues that the FDCPA entitles her to recover $1,000 for each separate violation of the act. Defendant responds that the $1,000 in additional damages is a per case cap.

Although plaintiff is correct that the Seventh Circuit has yet to rule on this question, two other circuit courts and three district judges in this circuit have analyzed the statutory language and the relevant caselaw and concluded that the $1,000 is a per case cap. *See Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647, 651 (6th Cir.1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation") (citing cases); *Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1563 (11th Cir. 1992) (holding that because Congress stated that additional damages are limited to $1,000 per "action," the plain language of the FDCPA entitles a plaintiff to a maximum of $1,000 per case); *Nielsen v. Dickerson,* 1999 WL 350649, at *6 (N.D.Ill. May 20, 1999) ("[the plaintiff's] statutory damages are capped at $1000") (citing *Wright); Barber v. Nat'l Revenue Corp.,* 932 F.Supp. 1153, 1156 (W.D.Wis.1996) (citing cases); *White v. Bruck,* 927 F.Supp. 1168, 1169 (W.D.Wis.1996) (concluding "from the plain language of [§ 1692k(a)(2)(A)] and the majority of decisions interpreting the statute that additional statutory damages are limited to $1,000 per proceeding").

■ Plaintiff does not cite a single case, but argues that the language of the statute and public policy considerations support her position. According to plaintiff, the language "any provision" suggests that Congress intended debt collectors to be liable for up to $1,000 for each provision of the act they violated. Other courts have rejected this argument, noting that it does not coalesce with other subsections of § 1692k. Section 1692k(b)(1) requires courts to consider "the frequency and persistence of noncompliance" in any "individ-

---

3. The court notes that plaintiff has never presented this evidence properly, and does not even cite it in her proposed Local Rule 12(M) statement. For the sake of judicial efficiency, the court nevertheless considers plaintiff's evidence, and does not require defendant to employ a Local Rule 12(N) statement to present its claim that it never received plaintiff's attorneys' letter.

ual action" to determine liability under § 1692k(a). This suggests that Congress did not intend each noncompliance to be its own "action," *see Wright,* 22 F.3d at 651, but rather wrote the statute with the understanding that multiple violations of the act would be addressed in a single action. *Sec, e.g., White,* 927 F.Supp. at 1169 ("There would have been no need to require that courts consider the frequency of noncompliance if Congress intended that each violation of the act could result in an award of damages up to $1,000 . . . .").

Moreover, "Congress certainly knows how to write statutes that make each separate violation subject to a separate penalty, or even that make each separate day of a violation a separate offense subject to a separate penalty." *Wright,* 22 F.3d at 650; *see also Harper,* 961 F.2d at 1563 (11th Cir.1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, or $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology").

Under § 1692k, "[a] single violation of section 1692e is sufficient to establish civil liability under the FDCPA, . . . and is thus sufficient to support summary judgment in favor of the Plaintiff." *Oglesby v. Rotche,* 1993 WL 460841, at *10 n. 5 (N.D.Ill. Nov.5, 1993) (citing *Woolfolk v. Van Ru Credit Corp.,* 783 F.Supp. 724, 725 (D.Conn.1990)). Given that the FDCPA is a strict liability statute, one reading of the phrase "any debt collector who fails to comply with any provision . . . is liable [for] . . . additional damages . . . not exceeding $1,000" is that the FDCPA enables a plaintiff to recover up to $1,000 in damages even if she proves only a single violation of the act.

The Seventh Circuit's decision in *Tolentino v. Friedman,* 46 F.3d 645 (7th Cir. 1995), supports this reading. Although the *Tolentino* panel affirmed the district court's grant of summary judgment for the plaintiff on a single FDCPA violation only, and declined to consider the other alleged violations, the panel nevertheless affirmed the district court's award of $1,000.[4] *See id.* at 651. *Tolentino* suggests that unless plaintiff can show actual damages arising out of the alleged § 1692c(a)(2) violation, the court need not determine whether defendant violated this particular subsection if the court grants plaintiff $1,000 in additional damages for the § 1692e(5) and the § 1692e(10) violations. *See, e.g., Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1467 n. 20 (C.D.Cal.1991) ("Regardless of the interpretation of § 1692k(a)(2)(A), the Court, in its discretion, concludes that a statutory damages award of $1,000 is appropriate under the facts of this case."). The court, in its discretion, grants plaintiff the full $1,000 statutory award, and dismisses plaintiff's § 1692c(a)(2) claim on its own motion.

Plaintiff has also requested punitive damages, alleging that defendant is a repeat offender, has admitted to using a "house alias," and refers to a non-existent "Litigation Department" in its letters. Plaintiff presents no evidence in support of her contention that defendant has been sued twice before under the FDCPA and has no litigation department. In addition, plaintiff has not cited any caselaw to suggest that punitive damages are available under the FDCPA, and several courts have held otherwise. *See, e.g., Aronson v. Creditrust Corp.,* 7 F.Supp.2d 589, 594 (W.D.Pa.1998) ("Based upon the plain language of the statute, and in the absence of any legislative history to the contrary, I find that punitive damages are not recoverable under the FDCPA . . . ."); *Swanson v. Northern Illinois Collection Servs., Ltd.,* 1989 WL 111880, at *1 (N.D.Ill.

---

4. Plaintiff argues that *Tolentino* does not apply because the defendant did not dispute the district court's decision to award the full amount of statutory damages. *See Tolentino,* 46 F.3d at 651. The defendant in the instant case, however, likewise assents (in its reply brief) to the court granting plaintiff the full $1,000 regardless of how many violations the court finds.

Sept.19, 1989) ("The unavailability of punitive damages under [the FDCPA] is readily apparent."). The court need not reach this issue. The court, in its discretion, denies plaintiff's request for punitive damages.

Finally, in its reply brief defendant asks the court to award plaintiff the statutory maximum of $1,000 inclusive of attorney's fees, rather than granting a separate award of attorney's fees. In essence, defendant is asking this court to violate the Seventh Circuit's mandate that, "the award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory." *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir.1997) (citing cases). Just because the parties appear to feel free to ignore the law in requesting damage awards does not mean that this court can manufacture awards that contravene clear Seventh Circuit precedent. The court denies defendant's request.

## CONCLUSION

With respect to the §§ 1692e(5) and 1692e(10) claims, the court denies defendant's motion to dismiss and grants plaintiff's motion for summary judgment. The court grants plaintiff $1,000 in statutory damages, and finds that plaintiff is entitled to attorney's fees as well. Because the court finds that plaintiff can recover at most $1,000 in additional damages under the FDCPA, the court dismisses plaintiff's § 1692c(a)(2) claim. Plaintiff is directed to file a petition for attorney's fees pursuant to Local Rules 46 and 47. ·