Fernando **HERNANDEZ**, individually, and as next friend of Katherine E. Hernandez, Plaintiffs,

v.

**AFNI, INC.**, Defendant.

Noah **DOWNS**, Jr., Plaintiff,

v.

**AFNI, Inc.**, Defendant.

Nos. 04 C 7116, 05 C 1837.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 31, 2006.

Daniel A. Edelman, Cathleen M. Combs, Francis Richard Greene, James O. Latturner, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiffs.

David M. Schultz, Justin M. Penn, Hinshaw & Culbertson, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs, Fernando Hernandez, individually and as next friend of his wife Katherine Hernandez, and Noah Downs, Jr. filed a one-count second amended complaint against defendant, Afni, Inc., alleging that defendant made false statements in violation of the Fair Debt Collection Practices Act of 1977, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). This court has jurisdiction over this claim under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Plaintiffs filed a motion for summary judgement as to liability under Fed.R.Civ.P. 56, and defendant filed a cross-motion for summary judgment as to liability. For the reasons stated below, the court grants defendant's cross motion, and denies plaintiffs' motion for summary judgment.

## FACTS [1]

Plaintiffs Fernando and Katherine Hernandez ("Katherine") reside in Lockport, Illinois. Katherine, who is disabled, signed a limited power of attorney appointing her husband Fernando as her attorney-in-fact with authority to act on her behalf in matters relating to civil actions and litigations. Plaintiff Noah Downs, Jr. ("Downs") resides in Chicago, Illinois. Defendant Afni, Inc. is an Illinois corporation with its principal place of business located in Bloomington, Illinois. Defendant is a "debt collector" as defined in the FDCPA.

Defendant sent Katherine a form letter dated September 15, 2004, attempting to collect a debt owed to Sprint (the "Hernandez Letter"). The Hernandez Letter states that the balance due is $156.50, and that defendant will close the account upon receipt of $78.25. The Hernandez Letter also states, "PLEASE NOTE: This offer is only valid if funds are received or secured no later than 11/14/04." Defendant also sent Katherine letters dated June 24, 2003, November 5, 2003, and April 21, 2004, offering to close the Sprint account upon receipt of 50% payment.[2]

Defendant sent Downs a letter dated July 14, 2004, attempting to collect a debt originally owed to Cingular (the "Downs Letter"). The Downs Letter states that defendant will close the account upon receipt of $141.01, approximately 50% of the balance due, and contains the same expiration language as the Hernandez Letter apart from changing the date to September 12, 2004. Defendant also sent Downs letters dated February 4, 2003, May 8, 2003, October 17, 2003, and January 29, 2005, offering to settle the debt for 50% payment but without providing an expiration date.

Defendant has a policy of giving its employees full authority to settle debts owned by defendant at a discount. Plaintiffs assert that defendant "will settle a debt at the discount offered in a collection letter even if payment is received after the due date set forth in the letter." Steven Smith ("Smith"), senior manager of recovery operations for defendant [3], was shown the

---

1. Unless otherwise noted, the following facts, taken from the parties' L.R. 56.1 statements and attached exhibits, are not in dispute.

2. The court notes that these letters are not attached to plaintiffs' L.R. 56.1 statement. Plaintiffs do not state that they contained expiration dates.

3. Defendant argues that Smith does not have seniority over other managers, including Hobbs. Smith, however, testified at his deposition that he was a senior manager. For the reasons discussed below, this disputed fact is not material to the pending motions.

Hernandez Letter and asked "what happens....if somebody had sent in money and it arrived after November 14, 2004?" Smith responded, "My understanding is that if—say for instance, with this letter, if it had come with a check with the balance due amount we would have accepted that as the settlement amount." Plaintiffs' counsel confirmed that Smith meant that the 50% payment would be accepted after the expiration date stated in the letter.

Defendant disputes that it is its policy or regular practice to accept a settlement payment after the date stated in the letter, and asserts that Smith, who is in charge of staffing the front line collection managers, is not qualified to testify about defendant's policies or procedures on this accounting issue. Smith admitted that payments are received by the accounting department, and that he is unfamiliar with that department's procedures. Smith could not point to a policy of defendant stating that it accepts settlement payments at all times. Jeff Hobbs ("Hobbs"), a recovery operations manager for defendant, testified that he did not know what would happen if defendant received funds after the date specified in the letter sent to the debtor. Defendant's account notes for debtors' accounts have entries stating "50% SIF LETTER SENT," indicating that a letter has been sent to the debtor offering to settle the debt for 50% of the total amount due. The notes also contain entries stating, "SIF LETTER VOID." According to defendant, this entry indicates "that the settlement offer made in a letter had been voided." Plaintiffs assert that it "merely means that the nominal deadline set in a collection letter for the debtor to respond to a settlement offer has expired."

### SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unterreiner v. Volkswagen of America, Inc.,* 8 F.3d 1206, 1209 (7th Cir.1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Becker v. Tenenbaum–Hill Associates, Inc.,* 914 F.2d 107, 110 (7th Cir.1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *See Fisher v. Transco Services–Milwaukee, Inc.,* 979 F.2d 1239, 1242 (7th Cir.1992).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Stewart v. McGinnis,* 5 F.3d 1031, 1033 (7th Cir. 1993). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

### DISCUSSION

It is undisputed that the Hernandez Letter and the Downs Letter each offered to settle plaintiffs' debts for a 50% payment, and stated, "This offer is only valid if funds are received or secured no later than [date]." Neither plaintiff attempted

to remit payment at any time. It is also undisputed that defendant's written policies and practices give its collectors substantial leniency regarding the deadlines and amounts of settlement offers. What is disputed is whether defendant would have accepted 50% payments by plaintiffs after the date specified in the letters. Plaintiffs argue that Smith's testimony establishes that defendant accepts settlement payments at any time, which defendant challenges based on Smith's lack of personal knowledge and Hobbs's testimony. The parties also dispute the significance of the "SIF OFFER VOID" entry in the account notes. These disputes do not preclude summary judgment, however, because even if defendant had a policy and practice of accepting settlement payments after the expiration date in the offer letter, the Hernandez Letter and Downs Letter did not contain false statements.

█ Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Relevant to the instant case, § 1692e(10) states that a collection agency may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." There has been a recent flurry of litigation across the country addressing how debt collectors may lawfully send settlement letters under the strictures of § 1692e(10). Dozens of plaintiffs have raised the nearly identical argument that stating an expiration date for a settlement offer constitutes a false statement in violation of the FDCPA if the debt collector is willing to accept partial payment at a later date. Courts, including within this district, have diverged on the answer.

Several courts have held that an unenforced expiration date may constitute a false statement in violation of the FDCPA.

See, e.g., *Gully v. Arrow Financial Services, LLC*, 2005 U.S. Dist. LEXIS 16836 (N.D.Ill. June 8, 2005) (Pallmeyer, J.); *Jackson v. National Action Financial Services*, No. 04 C 1805, unpub. order (N.D.Ill. Nov. 10, 2004) (Castillo, J.); *Jones v. Risk Management Alternatives, Inc.*, 2003 WL 21654365 (N.D.Ill. July 11, 2003) (Aspen, J.); *Pleasant v. Risk Management Alternatives, Inc.*, 2003 WL 164227 (N.D.Ill. Jan.23, 2003) (Coar, J.).

At least one court in this district, and multiple courts in other districts, have reached the opposite conclusion. See, e.g., *Gully v. Van Ru Credit Corporation*, 381 F.Supp.2d 766 (N.D.Ill.2005) (Moran, J.); *Headen v. Asset Acceptance, LLC*, 383 F.Supp.2d 1097 (S.D.Ind.2005); *Sarder v. Academy Collection Serv., Inc.*, 2005 WL 615831 (E.D.N.Y. Mar.3, 2005); *Kahen–Kashani v. National Action Financial Servs., Inc.*, 2004 WL 1040384 (W.D.N.Y. Apr.12, 2004); *King v. Arrow Financial Services, LLC*, 2003 WL 21780973 (E.D.Pa. July 21, 2003). For the reasons discussed below, the court agrees with courts holding that a terminating offer of settlement to a debtor, absent independent falsehoods or misrepresentations, is not a false statement and thus does not violate § 1692(e)(10).

Nearly every court examining § 1692(e) has begun its analysis with a review of the public policy concerns addressed by the FDCPA. "The FDCPA is designed to protect against abusive debt collection practices which would likely disrupt a debtor's life." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir.2000). Based in large part on the implications of the legislative intent to protect debtors, courts apply the "unsophisticated debtor standard," which assumes that the debtor is "uninformed, naive, or trusting." *Id.* at 1060; *see also Fields v. Wilber Law Firm, P.C.*, 383 F.3d

562, 564 (7th Cir.2004); *Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir.2003). Although the unsophisticated debtor standard benefits a debtor, it imposes an objective reasonableness requirement on the debtor. Courts must "disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs.,* 406 F.3d 410, 414 (7th Cir.2005); *Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 574–75 (7th Cir.2004) (a court should reject a debtor's interpretation of a letter if it appears to be a "fantastic conjecture" that a "significant fraction of the population" would not find misleading).

In the instant case, plaintiffs argue that a debt collector violates the FDCPA when it states that a settlement offer expires on a certain date if the collector will actually settle after the given deadline. That is, plaintiffs assert that the letters are clear on their face, but not in light of defendant's settlement practices. *See Gammon v. GC Servs. Ltd. Partnership,* 27 F.3d 1254, 1258 (7th Cir.1994) (Easterbrook, J., concurring) (the FDCPA "recognizes that literal truth may convey a misleading impression"). Defendant responds that it is not false to state that a certain offer expires on a given date, and that so stating does not affect the debtor's right to remit late payment as a counteroffer or defendant's right to subsequently make a new offer on identical terms that expires on a different expiration date.

Plaintiffs rely heavily on *Goswami v. American Collections Enterprise, Inc.,* 377 F.3d 488 (5th Cir.2004), the only circuit case addressing whether an expiring offer in a settlement letter violates § 1692(e)(10). In *Goswami,* the Fifth Circuit concluded that a settlement letter stating that "only during the next thirty days will our client agree to settle your outstanding balance due with a thirty percent discount" off the balance owed falsely portrayed the debt collector's offer as a "one-time, take-it-or-leave-it offer." *Id.* at 495. Despite factual similarities with the instant case, however, *Goswami* does not carry the day for plaintiffs. The offer in *Goswami* is distinguishable because it stated that the defendant would offer settlement under the terms in the letter only. By contrast, the letters in the instant case indicated that the current offer—"this offer"—was available for a limited time only, and contained no language that would suggest to a reasonable debtor that this was the final offer.

In this district, the *Gully v. Arrow* court held that an offer merely stating an expiration date is analogous to the letters in *Goswami* and violative of § 1692(e)(10). Judge Pallmeyer denied the defendant's motion to dismiss the plaintiffs' § 1692(e)(10) claim based on settlement letters stating that the "settlement amount must be made in one payment and received by [defendant's] office by [date]." 2005 U.S. Dist. LEXIS 16836, at * 3. In addition to *Goswami,* the *Arrow* court relied in part on Judge Castillo's unpublished order in *Jackson,* No. 04 C 1805, denying the defendant's motion to dismiss. The settlement letter in *Jackson* stated, "In order to take advantage of this offer, your payment must be received in our office on or before [date]." *Id.* at p. 1. The *Jackson* letter also stated that it might be possible to extend the deadline under certain circumstances. *Id.*

*Jackson* and *Arrow* are partially distinguishable from the instant case. *Jackson* was decided on a motion to dismiss, not summary judgment. The letter in *Arrow* did not refer to "this" offer. More significant than arguably hair-splitting factual distinctions, however, the court respectfully disagrees with its colleagues' extension of *Goswami* and the application of the Fifth Circuit's holding to the letters in

*Jackson* and *Arrow. Arrow* and *Jackson* fail to recognize the subtle but significant distinction between a collector's letter making a one-time offer, as in *Goswami*, and a letter stating that the current offer is subject to expiration without indicating anything about the possibility of future offers.

Judge Pallmeyer and Judge Castillo both analogized the letters before them to those in *Pleasant* and *Jones*, two cases from this district holding that a debt collector's statement in a settlement letter violated § 1692(e)(10). The letters in *Pleasant* and *Jones,* however, are distinguishable on the same grounds as *Goswami* because they expressly stated that the defendant was offering a "one time settlement." *Pleasant,* 2003 WL 164227, at *1; *Jones,* 2003 WL 21654365, at *1. The *Jones* and *Pleasant* letters also stated that "[i]f settlement amount is not received by the date indicated above, the offer will be null and void and the entire balance outstanding will be due." *Id.* In the instant case, by contrast, defendant did not state that the entire balance would be due upon expiration of the current offer or otherwise imply that the offers were the debtor's final chance to settle the debt at a discount.

■ An offer may require that acceptance be made within a specified time, and "if no acceptance is made within that time, the power of acceptance necessarily expires." 1 WILLISTON ON CONTRACTS § 5:5 (4th ed.2006); *see also* 6A CORBIN, CONTRACTS § 273, p. 588 (1962) ("If the time for acceptance of an ordinary offer is expressly limited by the offeror, acceptance must take place within that time or not all; time is of the essence."). An attempt to accept an offer past the deadline set by the offeror is a counteroffer, which the original offeror is free to decline or accept. *Shestokas Distributing, Inc. v. Hornell Brew-*

*ing Co., Inc.,* 1993 WL 39696, at *4 (N.D.Ill. Feb.16, 1993).

Applying this black letter contract law to the instant case, if either plaintiff had sent defendant a 50% payment on his or her debt after the date stated in the letter, this would not have constituted acceptance of defendant's original offer because that offer had lapsed. That is, there was no current offer to be accepted by plaintiffs after the deadline of the original offer had passed. Instead, the payment would have been considered a new offer or a counteroffer, which defendant was free to accept or reject. That defendant frequently, or even always, accepted late payment or made subsequent settlement offers does not alter the analysis or render defendant's original, time-limited offer false or misleading.

Judge Moran recognized this distinction in *Gully v. Van Ru,* noting that even if the defendant had the authority or intention to make a subsequent settlement offer, the deadline in the settlement letter "still marked the end of the first offer." 381 F.Supp. at 772. The *Van Ru* court granted the defendant's motion for judgment on the pleadings, finding that the settlement letters did not violate § 1692(e)(10) by stating in relevant part:

> We are authorized to settle your account with the above client which, as of the date of this letter, is $796.87 for the sum of $318.75, provided this sum is received by [defendant] by [date]. This offer will be revoked if your payment is not received by [date].

After thoroughly reviewing the relevant case law from this and other circuits, Judge Moran concluded that the fact that the defendant did not disclose the full extent of its settlement authority does not render the letter false and misleading. "We conclude that a settlement offer that states the proposed discount and the

length of the offer, but does not expressly nor implicitly indicate that no other offer will be made, passes muster even though more favorable terms are likely." *Van Ru*, 381 F.Supp.2d at 772.

Judge Moran disagreed with the holdings of the *Jackson* and *Arrow* courts that the possibility of a post-expiration settlement rendered the deadlines "fictitious and meaningless." *Id.* "Defendant did not falsely portray what the creditor would accept; instead, it communicated the amount it was willing to accept within a specific time period. And in stating the amount that it would accept, defendant never asserted or implied that this was the plaintiffs' only opportunity to settle." *Id.* To the extent that Judge Moran's ruling conflicts with the *Jackson* and *Arrow* courts (and, on a practical level, there is no way to avoid a conflict), this court finds that Judge Moran has the better of the argument. Moreover, the letter in *Van Ru* is analogous to the letters in the instant case because they use the adjective "this" to indicate that the terms, including the termination date, apply to the current offer only.

Courts in other districts have reached similar conclusions regarding settlement letters that do not state that they are one-time offers. In *Sarder*, the court granted the defendant's motion for judgment on the pleadings where the plaintiff, like the plaintiffs here, received a letter stating, "This settlement offer valid" until a certain date. 2005 WL 615831, at *1, 3; *see also Kalinina v. Midland Credit Management, Inc.*, 2004 WL 3187150 (letters stating that defendant "is currently" able to offer discounts by certain dates were not express one-time deals).[4] The *Headen* court

granted the defendants' motions for judgment on the pleadings where the letters offered the plaintiffs certain discounts if they paid by specified dates. 383 F.Supp. at 1100. The court found that if a recipient of the form letter assumed that the defendant was offering a one-time offer, this would be "sheer speculation and guesswork, not a reasonable understanding, even from the perspective of an unsophisticated consumer." *Id.* at 1101–02. In the instant case, a recipient would be similarly unreasonable, even under the lenient standard in debtor-collector cases, to assume that defendant was making a one-time offer.

Plaintiffs also cite extensively to *Raimondi v. McAllister & Assoc., Inc.*, 50 F.Supp.2d 825, 827 (N.D.Ill.1999), and *Ransom v. Telecredit Service Corp.*, 1992 U.S. Dist. LEXIS 22738, at *30–31 (D.Md. Feb. 5, 1992). These cases, however, lend little if any support to plaintiffs' arguments in the instant case because although they address whether various letters to debtors violate § 1692(e)(10), they are not concerned with time-limited offers. In *Raimondi*, this court held that the defendant was liable for misrepresenting in a letter to a debtor that it would contact the debtor's employer, which is prohibited by the FDCPA. 50 F.Supp.2d at 827. In *Ransom*, the court held that the defendant's letters contained false statements including a false signature, a misrepresentation of the criminal and civil sanctions to which the debtor was subject, and a false statement that payment could be made by certain payment methods only. 1992 U.S. Dist. LEXIS 22738, at *27–30. Neither of these cases is specifically applicable to the

---

4. In its response to plaintiffs' motion for summary judgment defendant cites *Johnson v. AMO Recoveries*, 427 F.Supp.3d 953, No. 5–05–CV–02273, 2005 WL 3968292 (N.D.Cal. Oct. 19, 2004), an unpublished case from another district, which appears to support defendant's position. Although plaintiffs respond to defendant's citation, neither party attaches a copy of the opinion for the court's review.

facts in this record, particularly relative to more recent cases directly on point.

The statements in the Hernandez Letter and the Downs Letter that the offers will expire on certain dates are not false because they actually expired on those dates, regardless of whether defendant chose to make new offers at a later date. Thus, they did not violate § 1692(e)(10). Accordingly, the court grants defendant's motion for summary judgment and denies plaintiffs' motion.

## CONCLUSION

For the reasons stated above, the court grants defendant Afni's cross motion for summary judgment, and denies plaintiffs Hernandez and Downs's motion for summary judgment.